IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **VILLAGE MARKET**, a Florida Sole Proprietorship,<br>**KANIZ FATHEMA**, an Individual,<br><br>     Plaintiffs,<br><br>-vs-<br><br>**UNITED STATES OF AMERICA**,<br><br>     Defendant | Case No. |

## COMPLAINT

The Plaintiffs, VILLAGE MARKET, a Florida Sole Proprietorship, and KANIZ FATHEMA, an Individual, by and through their undersigned counsel and hereby file suit against the United States of America pursuant to 7 U.S.C. §2023, and seek a *de novo* Judicial Review of the Administrative Decision to deny the Plaintiffs re-authorization as a Supplemental Nutrition Assistance Program (SNAP) retailer. In support of this claim, the Plaintiffs allege:

**CASE BACKGROUND & PROCEDURAL HISTORY**

1. The Plaintiffs operate a retail food store called Village Market. The store is located at 464 Dr. Martin Luther King Jr. Blvd, W., Belle Glade, FL 3340-3817 and functions as a corner food store for the local impoverished neighborhood.

2. Village Market was qualified as a Supplemental Nutrition Assistance Program Retailer for at least the past five years. Once every five years, the store must apply for reauthorization from the Department.

3. The Plaintiffs timely and appropriately submitted a re-authorization application to the Defendant's Department of Agriculture, Food and Nutrition Service on October 12th, 2018.

4. The Defendant, through its Department and sub-agencies, determined that the Plaintiffs did not qualify for reauthorization under 7 C.F.R. §278.1(b)(1)(a) or (b), and issued a determination letter to that effect on December 19th, 2018.

5. The Plaintiffs filed an administrative appeal and sought review from the Defendant's Administrative Review Division within the Department of Agriculture.

6. In pertinent part, the Plaintiffs noted that their store's inventory satisfied the inventory requirements, and submitted pictures to that effect.

7. In an opinion dated May 22nd, 2019, Administrative Review Officer Mary Kate Karagiorgos upheld the Defendants' prior decision, finding in pertinent part that the Plaintiffs' inventory was insufficient. The Final Agency Decision is attached hereto as **Exhibit "A".**

8. In accordance with 7 U.S.C. §2023, and as noted by the Final Agency Decision, the Plaintiffs have the opportunity for a *de novo* Judicial Appeal of the Final Agency Decision, for which this matter is filed.

**PARTIES**

9. The Plaintiff, KANIZ FATHEMA, is a natural person and a resident of Palm Beach County, Florida. Plaintiff, Mr. Fathema, is the owner of Village Market and the SNAP applicant on behalf of the business.

10. The Defendant, the United States of America, administers the Supplemental Nutrition Assistance Program (SNAP) through the Department of Agriculture (USDA) and its

subsidiary, the Food and Nutrition Service (FNS).  The Defendant is referred to herein as the "Government."

**JURISDICTION & VENUE**

11. This Court has subject matter jurisdiction over the parties pursuant to the specific Congressional grant of authority found in 7 U.S.C. §2023.

12. The Court has personal jurisdiction over the parties also pursuant to 7 U.S.C. §2023 and for the fact that the circumstances giving rise to this matter arose within the Southern District of Florida.

13. Venue is appropriate in the Southern District of Florida for the above stated reasons.

**COUNT I: REQUEST FOR JUDICIAL REVIEW**

14. The Plaintiffs re-aver the allegations set forth above as though set forth fully herein.

15. The Plaintiffs, pursuant to 7 U.S.C. §2023 are entitled to a *de novo* review of the Government's decision to deny re-authorization of the store.

16. The Plaintiffs qualify to participate in the SNAP program as an authorized retailer under the regulatory criterion found in 7 C.F.R. §278, just as they have in the past.

17. Furthermore, changes in regulations since the store was initially authorized do not apply to the Plaintiffs' operation, as the store's inventory is in line with the Department's requirements under the regulation.

18. Additionally, it appears that the on-site inspector's report was inaccurate and incomplete.  This report formed the basis of the Government's decision to deny the reauthorization, and thus the denial of reauthorization was made without all of the necessary facts.

19. It is the belief of the Plaintiffs that discovery in this matter will show that the Government had an incomplete understanding of the Plaintiffs business and operations, and that upon an evidentiary hearing and presentation, the Plaintiffs will be able to demonstrate, by a preponderance of the evidence, that the Plaintiffs' store does qualify for participation, warranting a reversal in the agency's denial.

20. The Plaintiffs have incurred attorney's fees and costs in bringing this matter before the Court, and respectfully request that the Government be required to repay said fees in the event the Court enters judgment in their favor.

WHEREFORE, the Plaintiffs, VILLAGE MARKET, a Florida Sole Proprietorship, and KANIZ FATHEMA, an Individual, respectfully request this Honorable Court conduct a review of the Administrative Denial of Re-Authorization, and enter Judgment in favor the Plaintiffs, compelling the Government to re-authorize VILLAGE MARKET, and granting the Plaintiffs their attorney's fees and costs.

Dated:  June 26th, 2019                     Respectfully Submitted,

*/s/ Andrew Z. Tapp*
**Andrew Z. Tapp, Esq.**
Florida Bar No.: 68002
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511
(813) 228-0658
Andrew@Metropolitan.Legal
LaJeana@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**